## BUCHANAN v. LADEMANN.
### Patent Appeal No. 2831.

Court of Customs and Patent Appeals.
Jan. 4, 1932.

A. D. T. Libby, of Newark, N. J. (Charles L. Sturtevant, of Washington, D. C., of counsel), for appellant.

Philip S. McLean, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in an interference proceeding from a decision of the Board of Ap-

peals of the United States Patent Office, awarding priority of invention to appellee, reversing the decision of the Examiner of Interferences, who awarded priority to appellant.

There is but a single count in issue, which reads as follows: "Means for mounting an outlet box, on a hollow steel frame having flanges extending toward each other from the side walls of the frame but leaving an elongated opening between the flanges comprising, a plate to be received in and extend across the open side of the frame with its end portions in engagement with the inner surfaces of the flanges of the frame, securing means on the plate for engaging one flange of the frame, adjustable securing means on the plate for engaging the other flange of the frame, and means extending from the plate substantially at right angles thereto for supporting a box at different distances from the plate."

As will be observed from the count, the invention relates to a metal support adapted to be attached to hollow steel frames, such as may be employed for door openings, such frames, when so used, being known as "door bucks." The object of such metal supports is to hold outlet boxes for electrical connections in their proper place. Said support is constructed of strap iron in the shape of a "T." It is intended as a substitute for the wooden block formerly used for the purpose.

Appellant's application was filed on July 24, 1926; the application of appellee was filed on September 21, 1926. Appellee, therefore, is the junior party, and the burden was upon him to establish priority of invention by a preponderance of the evidence.

The Board of Appeals found that appellee conceived and reduced the invention to practice in 1925, while the earliest date claimed and proven by appellant for conception and reduction to practice was in 1926.

The Examiner of Interferences, whose decision was reversed by the Board, held that appellee's testimony as to conception by him in 1925 was very unsatisfactory, but that, assuming without deciding that appellee had established conception in 1925, he was not entitled to a date for reduction to practice prior to his filing date, September 21, 1926, and was lacking in diligence from just prior to July 2, 1926, the date accorded to appellant for conception, to said filing date. The Examiner, for the reasons stated, awarded priority of invention to appellant.

Appellant contends that the Board erred in finding that appellee conceived and re-

duced the invention to practice prior to the date awarded to appellant for conception of the invention; that the evidence does not warrant a finding that appellee conceived the invention in 1925, as found by the Board, and further contends that, if he did conceive and disclose it, the device claimed by appellee to have been made and demonstrated was not, in fact or in law, a reduction to practice because the device was not tested to determine its utility. Appellant also contends that, if appellee did conceive the invention prior to appellant's conception, appellee was lacking in diligence in reducing the invention to practice.

The questions here involved are almost wholly questions of fact. For us to hold that appellee did not in fact conceive and disclose the invention to others in 1925, and did not make a device embodying the invention in 1925 and demonstrate it in the presence of others, would necessitate our finding that, as to conception, appellee and three of his witnesses were guilty of gross and unblushing perjury in their testimony herein, and that, as to the demonstration of the device by appellee, he and two of his witnesses were similarly guilty of perjury in their testimony.

While the testimony indicates that appellee's witnesses were biased in his favor, we do not think that such discrepancies occur in their testimony as warrant the conclusion that they testified falsely as to the disclosure by appellee to them in 1925 of the invention here involved, or that the two witnesses who also corroborated appellee as to the demonstration, in 1925, of the device embodying the invention, testified falsely with respect thereto.

Therefore we find no error in the finding of the Board of Appeals that appellee conceived the invention and made and demonstrated a device embodying the invention in the spring of 1925.

The next question is whether such making and demonstration of the device constituted a reduction to practice of the invention. The Examiner of Interferences held that it did not; the Board of Appeals held to the contrary. Appellee's corroborating witnesses, two in number, testified that appellee fastened said device on a steel buck, attached an outlet box to the device, and showed them how the device held the outlet box in place. This was done upon a job upon which appellee was foreman of electrical wiring, and the witnesses were, under his direction, engaged in the particular work of placing outlet boxes in the partitions of the building.

Appellant contends that, to constitute reduction to practice, a test should have been made to ascertain whether it would stand the strains applied thereto by pulls on the conduit, whether the conduit would be pulled from the support, or the support pulled from the mounting.

With respect to this the Board of Appeals said: " * * * In our opinion the device under consideration is of that type where actual use test is not necessary. We consider that the making of the device and placing it in position on the buck with the outlet box attached was sufficient proof to those skilled in the art that it would be successful. The fact that heavier stock would be more desirable than the lighter material employed we do not find constitutes a material deficiency in the proof."

We agree with the foregoing statement of the Board. In the case of Sachs v. Wadsworth, 48 F.(2d) 928, 18 C. C. P. A. 1284, we held that an electric service switch box, embodying the invention involved in said case was of such a simple nature that its construction constituted a reduction to practice without test other than opening and closing the switch box lid.

In the case of Downs v. Andrews, 58 App. D. C. 91, 25 F.(2d) 218, 224, in an opinion written by the late Judge Smith, a former judge of this court, it was said: " * * * If the operative means accomplishes the desired end, reduction to practice is established, although it appears on inspection that the elements of the device should have been made stronger, or given a better shape, arrangement, or adjustment."

Finally, appellant contends that, even if appellee was the first to conceive and reduce the invention to practice, nevertheless the Board of Appeals erred in awarding appellee priority, because, appellant contends, appellee was not diligent in giving to the public the benefit of his invention, and invokes the doctrine declared in the case of Mason v. Hepburn, 13 App. D. C. 86, and the decision of this court in the case of Miller v. Hayman, 46 F.(2d) 188, 197, 18 C. C. P. A. 848. These cases hold that, where an inventor conceals or suppresses his invention until another inventor has entered the field, and, by his independ-

ent efforts, genius, skill, and expenditure of money, has discovered the invention and given to the public knowledge of it by placing it upon the market, said first inventor should not, under such circumstances, be awarded priority over the subsequent inventor.

In the case of Townsend v. Smith, 36 F.(2d) 292, 296, 17 C. C. P. A. 647, this court said: " * * * Where an inventor has established priority of conception, disclosure and reduction to practice, in the absence of any clearly proved abandonment, his right to a patent has not become forfeited either to the public or to his rival. It has been held that a lapse of two years between a reduction to practice and the filing of an application, does not, in itself, constitute an abandonment. Rolfe v. Hoffman, 26 App. D. C. 336."

In the case of Miller v. Hayman, supra, we had occasion to consider under what circumstances an inventor might forfeit to his later rival the right to receive a patent for his invention. We there held that the forfeiture of such right depends upon a doctrine akin to that of equitable estoppel, and said: "We think it proper to state that, as estoppels preclude a party from showing the truth, they are not favored and should not be applied to any case where the facts do not clearly justify their application."

In the case of Sachs v. Wadsworth, supra, we reaffirmed the foregoing.

In the case at bar, the evidence shows inactivity of appellee with respect to the invention for about one year. His testimony is that the reason for such inactivity was his inability to secure a sample of door buck upon which to demonstrate his device to one Knight who, in 1926, instituted the manufacture of appellee's device. However this may be, we do not think the facts in evidence warrant a finding of concealment or suppression by appellee to justify the application of the doctrine of equitable estoppel, or a doctrine akin thereto, against him, particularly in view of the fact that we cannot find from the evidence in the record that appellee was spurred into activity by the entrance of appellant into the field.

We find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.