**Mark C. NEWKIRK, Appellant,**

v.

**Donald A. LULEJIAN, Alphonse W. Faure and Eugene F. Fijalkowski, Appellees.**

**No. 87–1140.**

United States Court of Appeals, Federal Circuit.

Aug. 12, 1987.

Michael P. Abbott, of Seidel, Gonda, Goldhammer & Abbott, Philadelphia, Pa., argued, for appellant. With him on the brief was Gregory J. Lavorgna, of Seidel, Gonda, Goldhammer & Abbott, Philadelphia, Pa.

---

John W. Logan, Jr., of Ferrill and Logan, Willow Grove, Pa., argued, for appellees. With him on the brief was David J. Johns, of Ferrill and Logan, Willow Grove, Pa.

FRIEDMAN, Circuit Judge,
BALDWIN, Senior Circuit Judge, and
NEWMAN, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences, awarding priority of invention in Interference No. 101,000 to Donald A. Lulejian et al., inventors of the subject matter claimed in U.S. Patent No. 4,313,750, is affirmed.

## OPINION

Count 1, the only independent count, is representative:

1. A camless electronic glassware conveyor delivery apparatus having pushout robot means being in operative association with glassware forming apparatus having at least one synchronous operation point, comprising:

camless electronic means responsive to said synchronous point for electronically controlling said pushout robot rotational operation including a digital stepping motor operatively coupled to rotate said pushout robot, said motor speed being varied with pulse signals which vary according to a stored program; and

means for electronically altering said pushout robot rotational operation by changing said stored program, said altering means being connected to said controlling means.

The Board held that the junior party Newkirk had not proved reduction to practice of the claimed invention prior to the filing date (the earliest date proven) of the senior party Lulejian, for the reason that the embodiment of the invention relied on by Newkirk as proof of actual reduction to practice did not include every limitation of the interference count.

The dispositive question is whether Newkirk was required to show, with respect to the final clause of count 1, that he had achieved "at least successful operation with one program and a change to a second program for which there was also successful operation", in order to prove reduction to practice of count 1. The Board held that Newkirk was required to show that his physical embodiment of the apparatus not only had the capability of changing a stored program, but did actually operate before Lulejian's filing date with a changed stored program. The Board found that "the speed file programmed or stored in the PROM could not be altered", and indeed the factual findings on this point are not challenged.

■ Newkirk asserts that the Board erred in construing count 1 to require an actual program change, and that it is sufficient if the working embodiment was capable of storing and changing the program. It is well established, however, that proof of actual reduction to practice requires demonstration that the embodiment relied upon as evidence of priority actually worked for its intended purpose. *Wiesner v. Weigert*, 666 F.2d 582, 588, 212 USPQ 721, 726 (CCPA 1981) ("invention is not reduced to practice until its practicability or utility is demonstrated pursuant to its intended purpose"); *Chandler v. Mock*, 150 F.2d 563, 565, 66 USPQ 209, 211 (CCPA 1945) ("reduction to practice of a complex mechanical device ... requires that the device was subjected to a test under actual working conditions which demonstrated not that the device might work, but that it actually did work").

■ It is equally well established that every limitation of the interference count must exist in the embodiment and be shown to have performed as intended. *See, e.g., Correge v. Murphy*, 705 F.2d 1326, 1329, 217 USPQ 753, 755 (Fed.Cir. 1983) (actual reduction to practice "must include every essential limitation of the count"); *Hummer v. Administrator of*

*National Aeronautics & Space Administration*, 500 F.2d 1383, 1387, 183 USPQ 45, 48 (CCPA 1974) (the device must include every claim limitation); *Szekely v. Metcalf*, 455 F.2d 1393, 1396, 173 USPQ 116, 119 (CCPA 1972) (all the limitations of the counts have to be satisfied).

■ We conclude that it was necessary for Newkirk to have demonstrated not only that his apparatus contained a means for altering the robot operation, but that he actually performed this step. Proof of actual reduction to practice requires more than theoretical capability; it requires showing that the apparatus of the count actually existed and worked for its intended purpose.

Newkirk argues that Lulejian, the Primary Examiner, and the interference examiner, all interpreted count 1 as requiring only one operating program, and that Lulejian is estopped from raising a contrary argument. Lulejian disputes the premises as well as the conclusion. We have considered all of the arguments and the record, and conclude that the Board correctly construed the count, and that no estoppel has been shown.

Although Newkirk correctly observes that limitations not clearly included in a count should not be read into it, *Kroekel v. Shah*, 558 F.2d 29, 32, 194 USPQ 544, 547 (CCPA 1977), in this case the limitation of the final phrase is plainly included on the face of count 1. The Board did not require that multiple programs be stored, as Newkirk argues, but required only that there be a change of the stored program as evidence of actual reduction to practice of count 1, the final clause of which refers to "changing said stored program".

Newkirk argues, alternatively, that the Board should have construed the count as reduced to practice by Newkirk's apparatus, even if that apparatus did not alter the robot operation by changing the stored program, because one of Lulejian's embodiments in his specification similarly did not change the stored program. Newkirk argues that the count, which was copied from the Lulejian patent, must be construed to cover the Lulejian embodiments. Lulejian contradicts this interpretation of the Lulejian disclosure, and points to its own arguments during prosecution that the subject matter of the final clause of count 1 distinguishes from the cited references and thus is an essential part of the invention. These issues were argued before the Board, and have been reviewed. The record and the applicable law require affirmance of the Board's holding.

■ Finally, Newkirk now argues that the interference should not, on the Board's construction of the counts, have been declared, and states that Lulejian so argued before the Board, and should now be estopped from arguing that Newkirk's specification indeed supports the interference counts. These issues are not properly raised by Newkirk; Newkirk's right to make the counts was not decided adversely to him, and the interference proceeded at Newkirk's initiative.

The award to Lulejian of priority of invention of the counts is

AFFIRMED.