996 F.2d 1236
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Marlow W. LARSON, Appellant,
v.
David J. NURNEY, Appellee.
 No. 93-1040.
 United States Court of Appeals, Federal Circuit.
 May 17, 1993.
 
 Before RICH, Circuit Judge, SMITH, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Marlow W. Larson appeals from the July 28, 1992 decision of the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office (Board), which awarded by summary judgment the subject matter of the three counts in Patent Interference No. 102,763 to David J. Nurney. Consistent with our discussion below, we affirm.
 
 DISCUSSION
 
 2
 * The interference involves application Serial No. 07/738,569, filed on behalf of Larson and assigned to Browning, and U.S. Patent No. 4,739,744, which issued to Nurney. The earliest filing date upon which Nurney can rely is November 1, 1982, and the earliest filing date upon which Larson can rely is April 25, 1989. The counts at issue are directed to archery compound bow structures employing certain eccentrics mounted thereon.
 
 
 3
 To avoid summary judgment pursuant to 37 CFR § 1.617, Larson, as the junior party, had the burden of establishing that he was entitled to judgment relative to Nurney. At this preliminary stage of the interference, Larson was required to prove only so much of his case as would entitle him to an award of priority if Nurney were to rely on his filing date and not rebut any of Larson's case. Thus, Larson had the burden of establishing either reduction to practice of the subject matter in interference prior to Nurney's filing date, or conception of that subject matter prior to Nurney's filing date coupled by reasonable diligence from some time before Nurney's filing date up to Larson's filing date. Hahn v. Wong, 892 F.2d 1028, 1032, 13 USPQ2d 1313, 1317 (Fed.Cir.1989). The quantum of proof required for Larson to establish priority was clear and convincing evidence, Price v. Symsek, --- F.2d ----, ----, 26 USPQ2d 1031, 1036 (Fed.Cir.1993), and Larson had the burden of setting forth an explanation stating with particularity the basis upon which he was prima facie entitled to judgment. 37 CFR § 1.608(b).
 
 
 4
 During the interference, Larson argued that he was entitled to judgment based on both actual and constructive reduction to practice. The Board rejected both of these assertions.
 
 
 5
 The issue of reduction to practice is a question of law which this court reviews de novo. However, this court reviews the findings of fact underlying a reduction to practice conclusion under the clearly erroneous standard. Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1376, 231 USPQ 81, 87 (Fed.Cir.), cert. denied, 480 U.S. 947 (1987).
 
 B
 
 6
 To establish actual reduction to practice, Larson submitted a declaration under 37 CFR § 1.608, in which Larson declared that he had constructed, mounted on an archery bow, and operated the prototype eccentrics shown in the photographs in Exhibits A and D attached thereto prior to November 1, 1982. To corroborate these assertions, Larson submitted, as Exhibit I attached thereto, pages from a journal that he kept during the period from February 1, 1981 to December 28, 1982, and in which he recorded the manner in which the prototypes shown in Exhibits A and D, among others, functioned when mounted on an archery bow. To further corroborate his assertions, Larson submitted a declaration by a Mr. Allen, the president of Larson's employer, and a declaration by a Mr. Jenks, a Products Manager for Larson's employer.
 
 
 7
 In addition to the foregoing, Larson also submitted data, Exhibits B and E, and graphical representations of that data, Exhibits C and F, directed to certain measurements that he made on the archery bows that he had constructed with the eccentrics shown in Exhibits A and D. Larson argued that this information evidenced that the archery bows constructed and operated by Larson prior to November 1, 1982 inherently met certain structural limitations of the counts.
 
 
 8
 To establish constructive reduction to practice, Larson submitted Exhibits G and H, U.S. Patents Nos. 4,686,955 and 4,748,962 respectively. Larson argued that the structural limitations recited in the counts in issue were inherent in the eccentrics disclosed in each of the patents. As with actual reduction to practice, Larson argued that the data and graphs set forth in Exhibits B, C, E and F established this fact.
 
 C
 
 9
 Although we believe that the Board extended the corroboration requirement beyond reasonable bounds in rendering its decision, see Holmwood v. Sugavanam, 948 F.2d 1236, 1238, 20 USPQ2d 1712, 1714 (Fed.Cir.1991) and Price v. Symsek, --- F.2d at ----, 26 USPQ2d at 1036 (Fed.Cir.1993) (applied in conception determination), we find the Board's actions to be harmless error, given that the Board's ultimate holding was proper for the following reasons.
 
 
 10
 As noted by the Board, a party is required to establish that his reduction to practice meets every limitation in an interference count. Newkirk v. Lulejian, 825 F.2d 1581, 1582, 3 USPQ2d 1793, 1794 (Fed.Cir.1987). If a limitation in the count relates to a a structural feature, the significance of which the party did not appreciate at the time of his alleged reduction to practice, then the doctrine against nunc pro tunc reduction to practice precludes that party from arguing that his reduction to practice inherently embodied that structural feature. Knorr v. Pearson, 671 F.2d 1368, 1375, 213 USPQ2d 196, 201-2 (CCPA 1982); Heard v. Burton, 333 F.2d 239, 243-44, 142 USPQ 97, 100 (CCPA 1964).
 
 
 11
 Larson argues that he should be allowed to establish that certain structural limitations recited in the three counts in issue were inherent in the archery bows that he allegedly reduced to practice, both actually and constructively, prior to November 1, 1982. Larson argues that he should not lose the interference merely because Nurney chose to describe his invention in a different manner.
 
 
 12
 We might have been persuaded by Larson's arguments, if Larson had established that these structural limitations are not limitations essential to the claimed inventions in this particular case. As the Board noted at page 8 of its opinion, these limitations were specifically relied upon during prosecution of the Nurney application to distinguish the claimed subject matter from the prior art. Thus, these limitations are clearly essential limitations, and, therefore, this case is no different from the conventional situation wherein nunc pro tunc reduction to practice is prohibited. For this reason, the Board did not err in rejecting Larson's inherency arguments.
 
 
 13
 Notwithstanding the foregoing, we also affirm the Board's decision on the basis that Larson failed to satisfy the requirements set forth in 37 CFR §§ 1.608(b) and 1.671(f), which require that a party set forth with particularity both the basis for his claim to priority and the relevancy of any evidence submitted. As noted by the Board, Larson failed to point out with particularity how the measurements set forth in Exhibits B, E and F, even if assumed to be accurate, relate to the structural limitations recited in the counts. Larson's declaration is completely silent in this regard, and the "Communication" that Larson submitted to the Board, even assuming that Larson could rely upon it, merely states summarily that Exhibits B, C, E and F show that the 20% limitation set forth in Count 1 "is substantially met" by the prototype eccentrics shown in Exhibits A and D. The "Communication" is completely silent as to the limitations set forth in Counts 2 and 3. In view of the above, we find that the Board was correct in holding that Larson had failed to set forth a prima facie case of priority with particularity as required by the rules.