**In re ASAHI/AMERICA, INC.**

No. 94–1249.

United States Court of Appeals, Federal Circuit.

Feb. 24, 1995.

Gerald E. Hespos, Casella and Hespos, New York City, argued, for appellant. With him on the brief was Anthony J. Casella.

Muriel E. Crawford, Associate Sol., Arlington, VA, argued, for appellee. With him on the brief were Albin F. Drost, Acting Sol. and Richard E. Schafer, Acting Associate Sol.

Before RADER, Circuit Judge, SMITH, Senior Circuit Judge, and SCHALL, Circuit Judge.

EDWARD S. SMITH, Senior Circuit Judge.

Asahi/America, Inc. (Asahi) appeals the decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board) (1) affirming the examiner's final rejection, upon reexamination, of claims 1–3 of U.S. Patent No. 4,930,544 (Ziu '544) as being anticipated by U.S. Patent No. 4,779,-652 (Sweeney '652) under 35 U.S.C. § 102(e), and (2) affirming the examiner's finding that the declaration filed pursuant to 37 C.F.R. § 1.131 ("131 declaration") did not show facts sufficient to establish reduction to practice of the invention claimed in the Ziu '544 patent

prior to the filing date of Sweeney '652. Asahi is the assignee of the Ziu '544 patent and filed the reexamination request based on the Sweeney '652 patent. Because the Board imposed an overly strict requirement for a showing of reduction to practice, this court reverses the Board's finding that the 131 declaration did not establish reduction to practice and remands for further proceedings consistent with this opinion.[1]

### Background

On April 30, 1991, Asahi filed a request for reexamination of its Ziu '544 patent based on the Sweeney '652 patent. Both the Ziu '544 and the Sweeney '652 patents contemplate double pipe systems where an inner "carrier" pipe carries the fluid while an outer "containment" pipe surrounds the inner pipe and contains any leaks. Double containment pipe systems have long been employed by the chemical industry to prevent the potentially catastrophic consequences of leaks of corrosive chemicals.

The Sweeney '652 patent contemplates a "simple sealing double walled piping system, one which does not rely on fittings but which uses a simple butt-weld of the inner and outer pipe sections to define an interspace chamber therebetween, the sections being integrally formed as a unitary molded plastic body." Sweeney '652 claims a "modular [double pipe] component usable in series", with each component in the series "comprising a unitary plastic body having inner and outer piping walls with respective first and second ends adapted for assembly in series by bodily abutment end-to-end and a plurality of circumferentially distributed ribs formed integrally with and supporting said piping walls in spaced relation."

The Ziu '544 patent contemplates a double containment pipe system capable of using stock "off the shelf" pipes and a "restraint coupling" to control the differential thermal expansion of the carrier and containment pipes. The claimed coupling comprises "a carrier portion disposed within and generally parallel to the containment portion", the carrier portion having a "diameter selected for end-to-end axial alignment with the carrier pipes," and "a connecting portion rigidly extending between and connecting said containment and carrier portions."

During the reexamination, Asahi did not present evidence of diligence after conception, but instead opted to show reduction to practice prior to the filing date of the Sweeney '652 patent pursuant to 37 C.F.R. § 1.131. Asahi presented evidence that the claimed coupling was manufactured by an outside vendor and shown and described in two trade publications as part of commercial offerings prior to the April 9, 1987 filing date of the Sweeney '652 patent. The photograph published in one of the trade journals is shown below. One article stated that the fittings depicted in the accompanying photograph "fuse to both the inner and outer pipe" of the double containment piping system. Another article represented that the photographed fittings "control differential thermal expansion" of the inner and outer pipes and further stated that the "system is now on the market." A third article, which did not include a photograph, described Asahi's double piping system and stated that the fittings "control differential thermal expansion by allowing both the inner and outer pipes to be solidly fused, creating a point of simultaneous restraint."

---

1. Because we find that the 131 declaration was sufficient to show reduction to practice of the invention claimed in the Ziu '544 patent prior to the effective date of the Sweeney '652 patent, we do not address the Board's § 102(e) rejection of claims 1–3 of the Ziu '544 patent.

The reexamination of the Ziu '544 patent culminated in a final rejection of claims 1–3 under 35 U.S.C. § 102(a) or (e) in view of Sweeney '652, and a conclusion by the examiner that the 131 declaration did not show facts sufficient to establish conception of the claimed invention prior to the filing date of Sweeney '652. On appeal, the Board reversed the rejection of claims 1–3 under 35 U.S.C. § 102(a), but affirmed the rejection of claims 1–3 under 35 U.S.C. § 102(e) as being anticipated by Sweeney '652. Citing *Newkirk v. Lulejian*, 825 F.2d 1581, 3 U.S.P.Q.2d 1793 (Fed.Cir.1987), the Board held that proof of actual reduction to practice requires a showing that the invention existed and worked for its intended purpose. Finding that the 131 declaration failed to show any evidence that the claimed coupling worked for its intended purpose, the Board held the declaration insufficient to prove reduction to

practice and ineffective to remove the Sweeney '652 patent as a prior art reference with respect to the Ziu '544. Because the Board found the 131 declaration insufficient to establish reduction to practice, the Board did not reach the issues whether the declaration established conception of the claimed invention prior to the filing date of the Sweeney '652 patent or whether the Sweeney '652 patent claimed "the same patentable invention", as defined in 37 C.F.R. § 1.601(n), as the Ziu '544.

### Reduction to Practice

■ The Federal Circuit reviews questions of fact under a clearly erroneous standard; questions of law are subject to full and independent review (sometimes referred to as "*de novo*" or "plenary" review). *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 762–

64, 9 U.S.P.Q.2d 1417, 1421–23 (Fed.Cir. 1988), *cert. denied,* 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 30 (1989) (Findings of fact of a judge are subject to the "clearly erroneous rule"; any "issue of law is subject to independent plenary review and determination.").

■ The issue of reduction to practice is a question of law. *Hybritech, Inc. v. Monoclonal Antibodies, Inc.,* 802 F.2d 1367, 1376, 231 U.S.P.Q. 81, 87 (Fed.Cir.1986), *cert. denied,* 480 U.S. 947, 107 S.Ct. 1606, 94 L.Ed.2d 792 (1987).

■ The purpose of filing a 131 declaration is to demonstrate that the applicant's date of invention is prior to the effective date of the reference cited in support of a rejection. *In re Eickmeyer,* 602 F.2d 974, 202 U.S.P.Q. 655 (C.C.P.A.1979).[2] Where the reference cited in support of a rejection "substantially shows or describes **but does not claim**" the subject matter of the invention in question, § 131 allows the patent owner to overcome the reference by showing that the invention in question was reduced to practice prior to the filing date of the reference. Where the cited reference actually claims "the same invention" as the applicant, an interference proceeding may be necessary in order to determine priority. 37 C.F.R. § 1.601(i) (1992). Because the Board found that Asahi's 131 declaration was insufficient to prove reduction to practice, the Board did not reach the issue whether the Sweeney '652 patent claims "the same invention" or merely "substantially shows or describes but does not claim" the subject matter of the Ziu '544 patent.

■ The Board relied on *Newkirk v. Lulejian,* 825 F.2d 1581, 3 U.S.P.Q.2d 1793 (Fed. Cir.1987) in holding that Asahi's 131 declaration was insufficient to prove reduction to practice because Asahi failed to show that the invention both existed and worked for its intended purpose. *Newkirk* states that "[p]roof of actual reduction to practice requires more than theoretical capability; it requires showing that the apparatus ... actually existed and worked for its intended purpose." *Newkirk,* 825 F.2d at 1583. However, this court has held that "[t]here are some devices so simple that a mere construction of them is all that is necessary to constitute reduction to practice." *Sachs v. Wadsworth,* 48 F.2d 928, 929, 18 C.C.P.A. 1284 (C.C.P.A.1931). *See also King Instrument Corp. v. Otari Corp.,* 767 F.2d 853, 861, 226 U.S.P.Q. 402, 407 (Fed.Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1197, 89 L.Ed.2d 312 (1986) ("[s]ome devices are so simple and their purpose and efficacy so obvious that their complete construction is sufficient to demonstrate workability"); *Gordon v. Hubbard,* 347 F.2d 1001, 1006, 146 U.S.P.Q. 303, 307 (C.C.P.A.1965) ("where the invention is sufficiently simple, mere construction ... may be sufficient to show that it will operate satisfactorily"); *Buchanan v. Lademann,* 54 F.2d 425, 19 C.C.P.A. 836 (C.C.P.A.1932) (actual use test not necessary to establish reduction to practice of a simple invention).

The invention in *Newkirk* was a relatively complex "electronic glassware conveyor delivery apparatus having a pushout robot means." *Newkirk,* 825 F.2d at 1582. In contrast, the invention in *Sachs* was an electric switch box equipped with a simple shielding device attached to the lid of the box which prevented access to any portion of the interior of the switch box except the exposed

---

**2.** 37 C.F.R. § 1.131 (1992) provides:

Affidavit or declaration of prior invention to overcome cited patent or publication.

(a) When any claim of an application or patent under reexamination is rejected on reference to a domestic patent which substantially shows or describes but does not claim the same patentable invention, as defined in § 1.601(n), as the rejected invention, or on reference to a foreign patent or to a printed publication, and ... the owner of the patent under reexamination ... shall make oath or declaration as to facts showing a completion of the invention in this country before the filing date of the application on which the domestic patent issued, or before the date of the foreign patent, or before the date of the printed publication, then the patent or publication cited shall not bar ... the confirmation of the patentability of the claims of the patent, unless the date of such patent or printed publication is more than one year prior to the date on which the inventor's or patent owner's application was filed in this country.

(b) The showing of facts shall be such, in character and weight, as to establish reduction to practice prior to the effective date of the reference, or conception of the invention prior to the effective date of the reference coupled with due diligence from prior to said date to a subsequent reduction to practice or to the filing of the application....

fuses. *Sachs,* 48 F.2d at 928. The shielding device thereby avoided the danger of contact or inadvertent tampering with the wiring or switching elements within the box, yet allowed access to the fuses simply by lifting the lid. *Sachs,* 48 F.2d at 928. Because the device was so simple, the board held that the mere inspection of it by the applicant's brother and son, coupled with opening and closing the lid, disclosed that it was operative. *Sachs,* 48 F.2d at 929. The device claimed in the Ziu '544 patent is even simpler than the switch box in *Sachs* because the claimed restraint coupling has no moving parts. Hence, "mere construction" of the restraint coupling "is all that is necessary to constitute reduction to practice." *Sachs,* 48 F.2d at 929.

■ Asahi presented evidence that the claimed coupling was manufactured by an outside vendor and described in two trade publications as part of commercial offerings prior to the April 9, 1987 filing date of Sweeney '652. Two of the three articles included photographs of the coupling, one of which is included in this opinion. The 131 declaration also included an April 8, 1987 letter from the patent attorney who ultimately filed the Ziu application regarding the patentability of a double containment thermoplastic pipe system. This letter refers to a technical report received by the attorney which "describes in great detail" the system, and also refers to prototypes received by the attorney, including fittings designed to "control differential expansion between the inner and outer pipes."

The examiner argued that the 131 declaration was insufficient to show reduction to practice because none of the evidence showed a restraint coupling in which the carrier portion extended in opposed axial directions from the connecting portion distances at least equal to distances by which the containment portion extended axially from the connecting portion as required by claim 1.[3] The length relationship between the carrier and containment portions of the coupling is important because this relationship facilitates butt welding of the coupling to the pipe sections.

We have closely examined the photograph published in the trade journals and included in this opinion and, contrary to the argument advanced by the examiner, the photograph clearly shows the crucial length relationships required by claim 1 of the Ziu '544 patent. On the top end of the upright restraint coupling depicted with arrows at the left of the photograph, the connecting portion is visible and the carrier portion extends axially upward from the connecting portion a distance that is at least equal to the distance by which the containment portion extends axially upward from the connecting portion. On the opposite bottom end of the same upright restraint coupling, the carrier portion is shown supported on a surface, with both the containment portion and the connecting portion spaced a distance from the supporting surface. This is evident from the shadow shown in the photograph and from the mere fact that the lower ends of the carrier portion and the containment portion are each visible. Because the connecting portion at the bottom end of the restraint coupling is not visible, and because the lower ends of both the carrier portion and the containment portion are visible, it follows that either the containment portion extends axially downward a greater distance than the connecting portion or that the containment portion is flush with the connecting portion. In either case, the carrier portion necessarily extends axially downward a greater distance from the connecting portion than does the containment portion. Because there is no visual indication of the connecting portion, there is no other possibility. Either of these two interpretations of the depiction of the upright restraint coupling at the left of the photograph would comply with claim 1. Either interpretation would so comply because either interpreta-

3. Claim 1 of the Ziu '544 patent claims a double-containment pipe system coupling including a: carrier portion extending in opposed axial directions from the connecting portion distances that are at least equal to distances by which the containment portion extends axially from the connecting portion, whereby the carrier portion and the containment portion of the restraint coupling can be fused in end-to-end relationship with carrier and containment pipes of the double-containment pipe assembly.

tion would have the carrier portion extending axially downward from the connecting portion a distance that is **at least equal** to the distance by which the containment portion extends axially downward from the connecting portion. Thus the photographed coupling enables the upper and lower ends of both the carrier portion and the containment portion of the coupling to be fused in an end-to-end relationship with the carrier and containment pipes, which are also shown in the photograph. Comparing claim 1 to the photograph, we conclude that the photographically depicted restraint coupling conforms to claim 1 of the Ziu '544 patent and depicts the crucial length relationships.

### Conclusion

We conclude that the restraint coupling is so simple a device that mere construction of it is all that is necessary to constitute reduction to practice. The photograph, coupled with the entirety of the 131 declaration, establishes that the coupling was constructed and therefore reduced to practice prior to the filing date of the Sweeney '652 patent. Accordingly, we reverse the Board's finding that the 131 declaration did not establish reduction to practice of the invention claimed in the Ziu '544 patent and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**